# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KIMMECA L. HARRIS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:18-cv-03689 |
| FINANCIAL RECOVERY SERVICES, INC. and LVNV FUNDING, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes KIMMECA L. HARRIS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of FINANCIAL RECOVERY SERVICES, INC. ("FRS"), and LVNV FUNDING, LLC ("LVNV") (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and maintains significant contacts with the Northern District of Illinois.

1

## PARTIES

4. Plaintiff is a 42 year old natural "person," as defined by 47 U.S.C. §153(39).

5. FRS is a debt collector that "provides comprehensive custom collection and receivables management solutions to mid-large sized organizations."[1] FRS is a corporation organized under the laws of the state of Minnesota with its principal place of business located at 4510 West 77th Street, Suite 200, Edina, Minnesota. Defendant engages in its debt collection activity throughout the United States.

6. LVNV is a company that "purchases portfolios of . . . consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers."[2] LVNV is a limited liability company organized under the laws of the state of Delaware with its principal place of business located at 6801 South Cimarron Road, Suite 424-J, Las Vegas, Nevada.

7. Defendants are "person[s]" as defined by 47 U.S.C. §153(39).

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendants' attempts to collect upon outstanding credit card debt ("subject debt") said to be owed by Plaintiff.

10. On information and belief, FRS, on behalf of or at the direction of LVNV, began collecting on the subject debt in late 2017.

11. On or about December 27, 2017, Plaintiff received a "dunning" letter from FRS attempting to collect on the subject debt.

---

[1] https://www.fin-rec.com/who-we-are/about-us/
[2] http://www.lvnvfunding.com/

12. On this dunning letter, FRS referred to Plaintiff's account as a "Pre-Legal Account."

13. This letter went on to say, "If we cannot resolve this account, our client will place the account with a law firm."

14. In addition to this December 27, 2017 letter, several months later, FRS sent Plaintiff further collection letters on or about March 8, 2018 and March 28, 2018.

15. The collection letters FRS sent to Plaintiff in March 2018 are substantially similar to each other.

16. Each of these letters provided several different payment plans that were said to be available to Plaintiff in order to address the subject debt.

17. In addition to offering various payment plans, these collection letters state, "FRS will not initiate any legal proceedings or provide you with legal advice."

18. Confused and frustrated with Defendants' collection efforts, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

21. Defendants are debt collectors, as defined by 15 U.S.C. § 1692a, because they are persons who use any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because they regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

22. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.  **Violations of FDCPA § 1692e**

23. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

24. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10)

25. Defendants violated 15 U.S.C. §§ 1692e, e(5), and e(10) by threatening to take legal action it did not intend to take. The dunning letter FRS sent to Plaintiff which referred to the account as a "Pre-Legal" account coupled with language "[i]f we cannot resolve this account, our client will place the account with a law firm" demonstrates the threats of legal action made by Defendants to Plaintiff. However, Defendants' conduct illustrates that such threats were idly made with the hope that the increased pressure of potential litigation would compel Plaintiff to make payment. The language of the dunning letter suggests that, in the event Defendants' collection efforts failed, Plaintiff's account "will" be referred to an attorney for litigation. However, Plaintiff has received numerous collection letters from Defendants over the past 5 months, yet no legal proceedings have been commenced. Further, the letters sent after the initial dunning notice state that Defendants "will not initiate any legal proceedings . . ." As such, it appears as though Defendants makes their litigation threats in a deceptive manner and without the intent to follow through.

WHEREFORE, Plaintiff, KIMMECA L. HARRIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 25, 2018                                             Respectfully submitted,

s/ Nathan C. Volheim                                            s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                                Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                           Counsel for Plaintiff
Admitted in the Northern District of Illinois                   Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                                        Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                             2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                         Lombard, Illinois 60148
(630) 568-3056 (phone)                                          (630) 581-5858 (phone)
(630) 575-8188 (fax)                                            (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                        thatz@sulaimanlaw.com